

**MICHAEL A. CARDOZO**
*Corporation Counsel*

**THE CITY OF NEW YORK**
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**ELIZABETH KRASNOW**
Assistant Corporation Counsel
phone: (212) 788-0976
fax: (212) 788-9776
email: ekrasnow@law.nyc.gov

February 25, 2013

**BY ECF**
Honorable Edward R. Korman
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  Tyrone Coleman v. City of New York, et al., 11 CV 3278 (ERK) (RLM)

Dear Judge Korman:

I am the Assistant Corporation Counsel assigned to the defense of the above-referenced matter. In accordance with a request from Your Honor's chambers, enclosed please find a copy of the stipulation of settlement and dismissal, signed by counsel for the parties and endorsed by the Honorable Eric N. Vitaliano on April 20, 2012. As this matter had previously been consolidated with civil action 11-3277, also brought by plaintiff Tyrone Coleman, the parties filed a single stipulation under that docket number reflecting the terms of our agreement to resolve both cases.

Thank you for your consideration of this letter.

Respectfully submitted,

/s
Elizabeth Krasnow
Assistant Corporation Counsel

Encl.

cc:  BY ECF
     Brett Klein, Esq.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

TYRONE COLEMAN,

                                  Plaintiff,

                -against-

CITY OF NEW YORK, et al.,

                          Defendants.

**STIPULATION OF
SETTLEMENT AND ORDER
OF DISMISSAL**

11 CV 3277 (ENV) (JMA)

-------------------------------------------------------------------- x

-------------------------------------------------------------------- x

TYRONE COLEMAN,

                                  Plaintiff,

                -against-

CITY OF NEW YORK, et al.,

                          Defendants.

11 CV 3278 (ERK) (RLM)

-------------------------------------------------------------------- x

        **WHEREAS,** plaintiff commenced these actions by filing complaints on or about July 7, 2011, alleging that the defendants violated plaintiff's federal civil and state common law rights; and

        **WHEREAS,** defendants have denied any and all liability arising out of plaintiff's allegations; and

        **WHEREAS,** the parties now desire to resolve the issues raised in these actions, without further proceedings and without admitting any fault or liability; and

**WHEREAS**, plaintiff has authorized his counsel to settle these matters on the terms set forth below;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

1. The above-referenced actions are hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in paragraph "2" below.

2. Defendant City of New York hereby agrees to pay plaintiff Tyrone Coleman the sum of Fifty Thousand ($50,000.00) Dollars in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against the defendants and to release the defendants and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

3. Plaintiff shall execute and deliver to defendant City of New York's attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future

2

anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.

4.    Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules or regulations of any department or subdivision of the City of New York.  This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5.    Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6.    Plaintiff agrees to hold harmless defendants regarding any liens or past and/or future Medicare payments, presently known or unknown, in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7.     This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated:  New York, New York
         February 13, 2012

BRETT KLEIN, ESQ.
*Attorney for Plaintiff*
45 Main Street, Suite 230
Brooklyn, New York 11201


By: _____
     Brett Klein, Esq.
     *Attorney for Plaintiff*


The Clerk is directed to close these cases.

Dated: Brooklyn, New York
                        2012

**APR 2 0 2012**

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
*Attorney for Defendants*
100 Church Street, Rm. 3-172
New York, New York 10007


By: _____
     Elizabeth N. Krasnow
     *Assistant Corporation Counsel*


SO ORDERED:

     s/ ENV
_____
HON. ERIC N. VITALIANO
UNITED STATES DISTRICT JUDGE

4